Mr. Craig Rains 201 Vernon Avenue Little Rock, AR 72205
Dear Mr. Rains:
This is in response to your request, received by this office on May 14, 1992, for certification pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title:
(Popular Name)
TAX LIMITATION AMENDMENT
(Ballot Title)
 A CONSTITUTIONAL AMENDMENT TO PROVIDE THAT ALL EXCISE TAXES OR OTHER TAXES, FEES OR OTHER LEVIES IMPOSED BY THE STATE OF ARKANSAS ON THE CREATION, TRANSFER, USE, CONSUMPTION OR DISPOSITION OF TANGIBLE PERSONAL PROPERTY SHALL BE IMPOSED ACCORDING TO ITS VALUE AND SHALL BE FAIR, EQUAL AND UNIFORM AS TO RATE AND APPLICATION THROUGHOUT THE STATE; AND, THAT NO TANGIBLE PERSONAL PROPERTY SHALL BE SUBJECTED TO AN EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY AT A DIFFERENT RATE OR APPLICATION THAN ON OTHER ITEMS OR SPECIES OF TANGIBLE PERSONAL PROPERTY OF EQUAL VALUE. TANGIBLE PERSONAL PROPERTY WITH NO VALUE SHALL NOT BE SUBJECT TO TAXATION BY THE STATE OF ARKANSAS. THIS AMENDMENT SHALL NOT PROHIBIT THE EXEMPTION OF FOOD AND MEDICINE SOLD FOR HUMAN CONSUMPTION FROM ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY. THIS AMENDMENT SHALL NOT APPLY TO ANY OF THE FOLLOWING TAXES OR EXEMPTIONS:
 A) AD VALOREM TAXES ON REAL AND TAXABLE TANGIBLE PERSONAL PROPERTY LEVIED FOR COUNTY, CITY OR SCHOOL DISTRICT PURPOSES;
 B) ANY TAX ON INCOME DERIVED FROM TANGIBLE PERSONAL PROPERTY, LEVIED PURSUANT TO THE "INCOME TAX ACT OF 1929," AS AMENDED;
 C) ANY TRANSFER OF TANGIBLE PERSONAL PROPERTY BY GIFT, WILL OR INHERITANCE;
 D) ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY IMPOSED ON TANGIBLE PERSONAL PROPERTY OF HIGHWAY USERS SPECIFICALLY USED TO FUND CONSTRUCTION, REPAIR, IMPROVEMENT, MAINTENANCE AND OPERATION OF THE ARKANSAS PUBLIC HIGHWAY AND TRANSPORTATION SYSTEM AND COUNTY AND CITY ROADS AND STREETS, INCLUDING LICENSE AND REGISTRATION FEES ON MOTOR VEHICLES AND VESSELS USED OR REGISTERED IN THIS STATE;
 E) AMENDMENTS TO ANY EXISTING EXEMPTIONS FROM THE ARKANSAS GROSS RECEIPTS OR COMPENSATING USE TAX WHICH ARE PROPERLY ENACTED AND EFFECTIVE BEFORE NOVEMBER 3, 1992;
 F) ANY ACT CREATING ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY, OR EXEMPTIONS THEREFROM, LAWFULLY AND PROPERLY ENACTED AND EFFECTIVE BEFORE NOVEMBER 3, 1992; HOWEVER, ANY ACT AMENDING SUCH AN EXISTING ACT TO IMPOSE AN ADDITIONAL EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY OR TO PROVIDE AN EXEMPTION OR EXEMPTIONS THEREFROM NOT HERETOFORE ENACTED SHALL BE SUBJECT TO THE PRINCIPLES OF UNIFORMITY REQUIRED BY THIS AMENDMENT.
 UNDER THIS AMENDMENT, USE OF TANGIBLE PERSONAL PROPERTY SHALL MEAN ANY APPLICATION OF LABOR TO OR ALTERATION OF TANGIBLE PERSONAL PROPERTY IN THIS STATE. THE EFFECTIVE DATE OF THIS AMENDMENT SHALL BE THE DATE OF ITS ENACTMENT.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed constitutional amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the amendment being referred:
(Popular Name)
TAX UNIFORMITY AMENDMENT
(Ballot Title)
 A CONSTITUTIONAL AMENDMENT TO PROVIDE THAT ALL EXCISE TAXES OR OTHER TAXES, FEES OR OTHER LEVIES IMPOSED BY THE STATE OF ARKANSAS ON THE CREATION, TRANSFER, USE, CONSUMPTION OR DISPOSITION OF TANGIBLE PERSONAL PROPERTY, WITH CERTAIN EXCEPTIONS, SHALL BE IMPOSED ACCORDING TO VALUE AND SHALL BE EQUAL AND UNIFORM AS TO RATE AND APPLICATION THROUGHOUT THE STATE; AND, THAT NO TANGIBLE PERSONAL PROPERTY SHALL BE SUBJECT TO SUCH A TAX, FEE OR OTHER LEVY AT A DIFFERENT RATE OR APPLICATION THAN ON OTHER ITEMS OR SPECIES OF TANGIBLE PERSONAL PROPERTY OF EQUAL VALUE; TO PROVIDE THAT TANGIBLE PERSONAL PROPERTY WITH NO VALUE SHALL NOT BE SUBJECT TO TAXATION BY THE STATE OF ARKANSAS; AND, THAT THE AMENDMENT SHALL NOT PROHIBIT THE EXEMPTION OF FOOD AND MEDICINE SOLD FOR HUMAN CONSUMPTION FROM ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY; AND TO PROVIDE THAT THE AMENDMENT SHALL NOT APPLY TO ANY OF THE FOLLOWING TAXES OR EXEMPTIONS: AD VALOREM TAXES ON REAL AND TAXABLE TANGIBLE PERSONAL PROPERTY LEVIED FOR COUNTY, CITY OR SCHOOL DISTRICT PURPOSES; OR ANY UNIFORM TAX ON INCOME DERIVED FROM TANGIBLE PERSONAL PROPERTY, LEVIED PURSUANT TO THE "INCOME TAX ACT OF 1929," AS AMENDED; OR ANY TRANSFER OF TANGIBLE PERSONAL PROPERTY BY GIFT, WILL OR INHERITANCE; OR ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY IMPOSED ON TANGIBLE PERSONAL PROPERTY OF HIGHWAY USERS SPECIFICALLY ENACTED TO FUND CONSTRUCTION, REPAIR, IMPROVEMENT, MAINTENANCE AND OPERATION OF THE ARKANSAS PUBLIC HIGHWAY AND TRANSPORTATION SYSTEM AND COUNTY AND CITY ROADS AND STREETS, INCLUDING LICENSE AND REGISTRATION FEES ON MOTOR VEHICLES AND VESSELS USED OR REGISTERED IN THIS STATE; OR AMENDMENTS TO ANY EXISTING EXEMPTIONS FROM THE ARKANSAS GROSS RECEIPTS OR COMPENSATING USE TAX WHICH ARE PROPERLY ENACTED AND EFFECTIVE BEFORE NOVEMBER 3, 1992; OR ANY ACT CREATING ANY EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY, OR EXEMPTIONS THEREFROM, PROPERLY ENACTED AND EFFECTIVE BEFORE NOVEMBER 3, 1992; PROVIDED, HOWEVER, ANY ACT AMENDING SUCH AN EXISTING ACT TO IMPOSE AN ADDITIONAL EXCISE TAX OR OTHER TAX, FEE OR OTHER LEVY OR TO PROVIDE AN EXEMPTION THEREFROM NOT HERETOFORE ENACTED SHALL BE SUBJECT TO THE PRINCIPLES OF UNIFORMITY REQUIRED BY THIS AMENDMENT; AND TO PROVIDE THAT FOR PURPOSE OF THE AMENDMENT, USE OF TANGIBLE PERSONAL PROPERTY SHALL MEAN ANY APPLICATION OF LABOR TO OR ALTERATION OF TANGIBLE PERSONAL PROPERTY IN THIS STATE; AND MAKING THE AMENDMENT EFFECTIVE THE DATE OF ITS ENACTMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh